11-2325-cr
*United States of America v. Corey Davis*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of August, two thousand thirteen.**

PRESENT:

>       JOSÉ A. CABRANES,
>       RICHARD C. WESLEY,
>                   *Circuit Judges*,
>       JESSE M. FURMAN,
>                   *District Judge.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

>             *Appellee*,

>             v.                                                        No. 11-2325-cr

COREY DAVIS,

>             *Defendant-Appellant.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

**FOR DEFENDANT-APPELLANT:**          TINA SCHNEIDER, Law Office of Tina Schneider, Portland, ME, *for* Corey Davis.

**FOR APPELLEE:**          AMIR H. TOOSSI, Assistant United States Attorney (Emily Berger, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of conviction and imposition of sentence entered on June 7, 2011, by the United States District Court for the Eastern District of New York (Gleeson, J.).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Corey Davis appeals from a June 7, 2011 judgment of the District Court, convicting him, following a jury trial, of committing an assault resulting in serious bodily injury, in violation of Title 18, United States Code, Section 113(a)(6). His principal claim on appeal, which we address in a separate opinion filed today, is that the evidence presented at trial was insufficient to establish that the crime occurred within the special maritime and territorial jurisdiction of the United States. In a brief by counsel, Davis raises two other issues: (1) that the district court erred in instructing the jury on self-defense; and (2) that the district court erred in refusing to give the jury an adverse inference instruction. In a *pro se* brief, he also argues that (3) the admission of a video recording of the assault violated both the Confrontation Clause and the rule of completeness embodied in Rule 106 of the Federal Rules of Evidence; (4) he received constitutionally ineffective

2

assistance of counsel; and (5) his prosecution was selective and vindictive. For the reasons that follow, we reject these arguments and therefore affirm.

## BACKGROUND

We assume the parties' familiarity with the facts and procedural history of this case, to which we refer only as necessary to explain our decision to affirm. On May 8, 2009, while he was incarcerated at the Metropolitan Detention Center ("MDC"), a federal prison in Brooklyn, New York, Davis struck fellow-inmate Robert Wright four times in the face, breaking Wright's jaw. Eleven surveillance cameras recorded the activity in the MDC dormitory unit on a continuous basis and the recordings were stored electronically for approximately thirty days. In order to preserve any recording beyond that time, the Special Investigative Service Department ("SIS") had to download footage manually and store it in a portable hard-drive. At trial, the jury was shown a five-minute portion of a video recording from one camera in the dormitory unit; video recordings from other cameras in the unit were unavailable, having been destroyed in the normal course. The jury found Davis guilty and the district court sentenced him to sixty months' imprisonment, to be served consecutively to the sentence he was already serving, three years' supervised release, and a $100 special assessment. This timely appeal followed.

## DISCUSSION

### A. Jury Instruction

On appeal, Davis first argues that the trial court gave the jury an erroneous instruction on self-defense. Appellant Br. 27-34. Without objection, Judge Gleeson originally charged the jury as follows:

3

The defendant argues that the evidence in the case establishes that he acted in self-defense. Mr. Davis contends that he did not unlawfully assault Robert Wright on May 8, 2009. Rather, he contends that he acted in self-defense responding to an imminent physical threat when Mr. Wright raised his cane towards Mr. Davis. The law recognizes the right of a person who is not an aggressor to stand his ground and use force to defend himself. There is no duty to retreat in the face of an imminent threat. However, a person may only use such force as is reasonably necessary to defend himself against the imminent use of unlawful force. I remind [you that] the burden of proof remains at all times on the government. You may not convict a defendant of assault unless you find beyond a reasonable doubt that the government has satisfied its burden of proving that the defendant did not act in self-defense. If you have a reasonable doubt as to whether the defendant acted in self-defense, your verdict must be not guilty.

Transcript of the Trial of Corey Davis (Nov. 9, 2010) ("Trial Tr.") at 267. Later, during deliberations, the jury asked for a definition of self defense and reasonable force. The court informed counsel that it planned to instruct the jury "that it's an objective standard . . . . [It is] governed by what a reasonable person who found himself in the same position and circumstances as the defendant would have reasonably believed." Trial Tr. at 278. Defense counsel objected to this instruction, requesting that the court add "balancing" language concerning what the jury should do if it found that the defendant's belief about his personal safety was reasonable. *Id.* at 280. After repeating the instruction quoted above, the court instructed the jury that the standard by which it should be governed "is what a reasonable person who found himself in the same situation and circumstances would have reasonably believed, not the defendant's subjective belief . . . . [I]f the defendant's conduct was reasonably justified in the circumstances, then the defense is available to him." *Id.* at 283.

Davis did not object to that supplemental charge, and so we review his challenge only for plain error. *See United States v. White*, 552 F.3d 240, 249 (2d Cir. 2009). Relief is therefore

4

available only if there is "(1) error, (2) that is plain, and (3) affects substantial rights" and which (4) "'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Bell*, 584 F.3d 478, 484 (2d Cir. 2009) (quoting *United States v. Weintraub*, 273 F.3d 139, 145 (2d Cir. 2001)). For an error to "affect substantial rights," it generally must "affect[] the outcome of the district court proceedings," meaning "there must be a reasonable probability that the error affected the outcome of the trial." *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010) (internal quotation marks omitted).

Applying that standard, Davis's challenge fails. As the law pertaining to self-defense, or justification, "is a matter of federal common law," we look to state court decisions for guidance. *United States v. Desinor*, 525 F.3d 193, 199 (2d Cir. 2008). Under New York law, the defense of justification involves both subjective and objective elements. *See People v. Goetz*, 68 N.Y.2d 96, 114-15 (1986). That is, the defense is available only to the defendant who "reasonably believes [physical force] to be necessary to defend himself, herself or a third person from what he or she reasonably believes to be the use or imminent use of unlawful physical force by such other person." N.Y. Penal Law § 35.15(1) (McKinney 2004). Here, although the district court instructed the jury that Davis's subjective belief should not "govern" its decision, the charge as a whole adequately conveyed that the test included both objective and subjective elements. Further, even assuming the court's instructions could have been clearer, Davis has not shown a "reasonable probability" that any error altered the outcome of the trial. *Marcus*, 130 S. Ct. at 2164.

5

## B. Adverse Inference Instruction

Davis next argues that the district court erred when it failed to give an adverse inference instruction in response to the erasure of the second video recording of the assault. Appellant Br. 35-38. "'[A] party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.'" *Chin v. Port Auth.*, 685 F.3d 135, 162 (2d Cir. 2012) (alteration in original) (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)). We review a district court's decision on a motion for discovery sanctions for abuse of discretion, and "'[a]bsent a showing of prejudice, the jury's verdict should not be disturbed.'" *Id.* (quoting *Residential Funding*, 306 F.3d at 112).

Here, the district court did not abuse its discretion in declining to give the jury an adverse inference instruction. The second video was automatically purged from the system, and there is no evidence to support a finding of culpability. Additionally, Davis can only speculate that the video possessed exculpatory value. Further, the district court permitted the parties to argue to the jury the significance or lack thereof of the missing video, and allowed the jury to reach its own conclusion. *Cf. United States v. Mundy*, 539 F.3d 154, 157 (2d Cir. 2008) ("Absent unusual circumstances, what inferences are suggested, or conclusively established, by the evidence are matters to be argued to the jury by counsel. . . . In contemporary administration of justice, what conclusions should, or should not, be drawn

6

from the evidence are generally left to counsel to argue."). Although "[t]he sanction of an adverse inference may be appropriate in some cases involving the negligent destruction of evidence," *Residential Funding*, 306 F.3d at 108, even then such a sanction is not mandatory. For these reasons, the district court did not abuse its discretion in concluding that such a remedy was inappropriate in this case.

## C. Confrontation Clause and Rule of Completeness

Davis next argues, in a *pro se* supplemental brief, that his Confrontation Clause rights were violated when the Government failed to call the technician who prepared the video surveillance footage for trial. *Pro Se* Appellant Br. 1-8. Davis failed to preserve this objection and so we review it only for plain error. *See United States v. Dukagjini*, 326 F.3d 45, 59 (2d Cir. 2002).

The Confrontation Clause bars admission of testimonial, out-of-court statements where the declarant is not present at trial and the defendant has not had a prior opportunity for cross examination. *See Crawford v. Washington*, 541 U.S. 36, 68 (2004). To be "testimonial," a statement must have a "'primary purpose'" of "'establish[ing] or prov[ing] past events potentially relevant to later criminal prosecution.'" *Bullcoming v. New Mexico*, 131 S. Ct. 2705, 2714 n.6 (2011) (alterations in original) (quoting *Davis v. Washington*, 547 U.S. 813, 822 (2006)). When the "primary purpose" of a statement is "not to create a record for trial, the admissibility of [the] statement is the concern of state and federal rules of evidence, not the Confrontation Clause." *Id.* at 2720 (Sotomayor, J., concurring) (citation and quotation marks omitted). Business and public records "'are generally admissible absent confrontation . . . because — having been created for the administration of an entity's affairs

7

and not for the purpose of establishing or proving some fact at trial — they are not testimonial.'" *Id.* (alteration in original) (quoting *Meléndez-Díaz v. Massachusetts*, 557 U.S. 305, 324 (2009)).

Here, Davis's Confrontation Clause challenge fails at the first step, as the videotape is not testimonial. Instead, its primary purpose related to the safety and security of the MDC, not to establishing or proving some fact at trial. That the raw video footage was edited does not change that fact; the act of editing the video is not an out-of-court statement at all. *See, e.g.*, *United States v. Keck*, 643 F.3d 789, 797 (10th Cir. 2011) (denying a Confrontation Clause claim and explaining that "[i]n the context of electronically-stored data, the business record is the datum itself, not the format in which it is printed out for trial or other purposes"); *see also United States v. Cameron*, 699 F.3d 621, 642 (1st Cir. 2012) (holding that computer data was not testimonial because it was preserved to "serve business functions . . . totally unrelated to any trial or law enforcement purpose: namely, to provide reliable data about [the company's] customer accounts").

Davis further argues that the video should not have been admitted because it violated the rule of completeness set forth in Rule 106. *Pro Se* Appellant Br. 9-23. Under the rule of completeness, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time." Fed. R. Evid. 106. Omitted portions of the "statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion."

8

*United States v. Johnson*, 507 F.3d 793, 796 (2d Cir. 2007) (alteration and quotation marks omitted). "The completeness doctrine does not, however, require the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." *Id.* (quotation marks omitted).

Reviewing the district court's decision to admit the tape for abuse of discretion, *see United States v. Kozeny*, 667 F.3d 122, 139 (2d Cir. 2011), we conclude that there is no basis to Davis's challenge. Davis argues that the "deleted footage was needed to place the admitted portion of the video into context," because "[t]he footage offered only shows the fight and nothing . . . that preceded it." *Pro Se* Appellant Br. 9. But no further footage was needed to explain the assault, to ensure a fair and impartial understanding of the assault, or to correct a misleading impression that might arise from what occurred.[1]

## D. Ineffective Assistance of Counsel

Davis also argues in his *pro se* brief that he received constitutionally ineffective assistance of counsel, both because his counsel acquiesced to the court's proposed charge on self-defense and because his counsel prevented him from testifying by presenting him "with the impermissible choice of committing perjury, or completely contradicting trial counsel's position." *Pro Se* Appellant Br. 48 (citation omitted). "When faced with a claim for ineffective assistance on direct appeal," we "may: (1) decline to hear the claim, permitting the

---

[1]    To the extent that Davis alleges that destruction of the second videotape violated *Brady v. Maryland*, 373 U.S. 83 (1963), his claim is also without merit. As we explained in *United States v. Bakhtiar*, 994 F.2d 970, 975 (2d Cir. 1993), a case that also involved the loss of tapes, a due process claim arising in these circumstances should be treated as a claim for loss or destruction of evidence rather than as a *Brady* claim.

appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the [existing] record . . . ." *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003). In light of our "baseline aversion to resolving ineffectiveness claims on direct review," *United States v. Salameh*, 152 F.3d 88, 161 (2d Cir. 1998), and the Supreme Court's direction that "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance," *Massaro v. United States*, 538 U.S. 500, 504 (2003), we decline to consider Davis's ineffective assistance claims in this appeal. Accordingly, we dismiss those portions of the appeal without prejudice to Davis raising them pursuant to Title 28, United States Code, Section 2255.

**E. Selective and Vindictive Prosecution**

Finally, Davis claims in his *pro se* brief that he was improperly selected for prosecution and that the prosecution was vindictive. *Pro Se* Appellant Br. 24-38. Specifically, he argues that the Government has a *de facto* policy of not prosecuting inmate-on-inmate fist fights occurring at the MDC and that the "sole motivation" for his prosecution was to retaliate against him for appealing his sex trafficking conviction in the District of Connecticut. *Pro Se* Appellant Reply Br. 17. As we have explained, "because the United States Attorneys are charged with taking care that the laws are faithfully executed, there is a 'presumption of regularity supporting their prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.'" *United States v. Sanchez*, 517 F.3d 651, 671 (2d Cir. 2008) (alteration omitted) (quoting *United States v. Armstrong*, 517 U.S. 456, 464 (1996)). In the present case, Davis has not even come close to

overcoming that presumption of regularity, as he offers nothing more than assertions and generalized allegations of improper motives to support his claims. *See, e.g., id.* at 671 ("Generalized allegations of improper motive do not disturb the presumption of regularity."); *United States v. Fares*, 978 F.2d 52, 59 (2d Cir. 1992) ("Mere assertions and generalized proffers on information and belief are insufficient.").

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set forth above, and in the accompanying opinion, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court